UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-62801-CIV-COHN/SELTZER

LEMUEL NELSON,

    Plaintiff,

v.

ONE WAY DESIGN, INC.,
d/b/a One Way Design
Custom Printing Embroidery,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction and for Failure to Join a Party [DE 14] ("Motion"). The Court has carefully reviewed the Motion and all related filings and is otherwise fully advised in the premises.[1]

**I.    Background**

On December 10, 2014, Plaintiff Lemuel Nelson filed this action claiming violations of Title III of the Americans with Disabilities Act ("ADA"). See DE 1 (Compl.); 42 U.S.C. §§ 12181–12189. Plaintiff, who is disabled and confined to a wheelchair, alleges that Defendant One Way Design, Inc., ("OWD") owns and operates a business

---

[1] In addition, Plaintiff recently filed a Motion for Summary Judgment [DE 19]. But that motion focuses on the merits of the case and provides no further evidence or arguments concerning the standing issues raised by Defendant. See infra Part II.B. More, "Article III standing must be determined as of the time at which the plaintiff's complaint is filed." Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1275 (11th Cir. 2003). Nothing in Plaintiff's summary-judgment motion alters the Court's conclusion, discussed herein, that Plaintiff lacked standing to bring this action. Accordingly, Plaintiff's Motion for Summary Judgment will be denied as moot.

(the "Property") that fails to meet accessibility requirements imposed by the ADA and its implementing regulations.  In a list spanning six pages, the Complaint details many specific barriers to access that purportedly exist both inside and outside the Property.  See DE 1 at 6-12, ¶ 15.

Plaintiff's Complaint asserts that he visited the Property "[a]mong other dates, on May 5, 2014."  Id. at 5, ¶ 12.  Also, the Complaint makes clear that during his visits, Plaintiff entered the Property and encountered all the claimed barriers to access:

> Upon viewing all the violations, which precluded him from his full use and enjoyment of the facility, the Plaintiff also became a tester of the facility.  Plaintiff used the facility as a patron.

Id.  Plaintiff further represents that he has "full intention of returning in the near future—within the next 6 months or sooner as a patron and/or a tester."  Id.

OWD now moves to dismiss the action, contending that subject-matter jurisdiction does not exist and that Plaintiff failed to join a required party.  See DE 14; Fed. R. Civ. P. 12(b)(1), (7), 19(a).[2]  According to OWD, Plaintiff lacks standing because the record shows that he never encountered any of the alleged barriers to access inside the Property and that he is unlikely to visit the Property in the near future.  Plaintiff has filed a Response opposing the Motion, and OWD has filed a Reply.  See DE 17, 18.  The parties have also attached documentary evidence to their briefs, including an affidavit from OWD's two owners (a husband and wife) and a declaration from Plaintiff.  See DE 14-1 at 1-3; DE 17-1 at 1-2.

---

[2]  As explained further herein, the Court concludes that dismissal is warranted because Plaintiff lacks standing and, therefore, subject-matter jurisdiction is absent.  Thus, the Court will not address Defendant's argument regarding failure to join a party.

2

II. Discussion

    A.    **Standing Requirement for Subject-Matter Jurisdiction**

"Article III of the Constitution limits the jurisdiction of federal courts to cases and controversies." Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189 (11th Cir. 2011) (internal quotation marks omitted). One aspect of the case-and-controversy restriction is that a plaintiff must "have 'standing' to challenge the action sought to be adjudicated in the lawsuit." Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). Standing is a "threshold matter required for a claim to be considered by the federal courts." Via Mat Int'l S. Am. Ltd. v. United States, 446 F.3d 1258, 1262 (11th Cir. 2006). When a plaintiff lacks standing, "the federal courts do not have jurisdiction over his or her complaint." Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., 524 F.3d 1229, 1232 (11th Cir. 2008) (per curiam).

To establish standing, a plaintiff must show that (1) he suffered an injury in fact, (2) the injury was causally connected to the defendant's action, and (3) the injury would be redressed by a judgment in his favor. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). In this case, OWD maintains that Plaintiff has not demonstrated the first prerequisite for standing, namely, that he sustained an injury in fact. Because Plaintiff seeks injunctive relief—the only remedy available in a private suit under ADA Title III—he must make an "additional showing" to meet the injury-in-fact requirement:

> In addition to past injury, a plaintiff seeking injunctive relief "must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future." Wooden v. Bd. of Regents of Univ. Sys. of Ga., 247 F.3d 1262, 1284 (11th Cir. 2001). Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party

3

>shows "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury." Shotz, 256 F.3d at 1081; Wooden, 247 F.3d at 1284 (citing City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983)).

Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1328-29 (11th Cir. 2013). Thus, to prove standing, Plaintiff "must show past injury and a real and immediate threat of future injury." Id. at 1329.

Attacks on subject-matter jurisdiction, including standing, may be either facial or factual. See Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (per curiam). Here, OWD's Motion raises a factual attack because it "challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings." Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980).[3] In a factual attack, "matters outside the pleadings, such as testimony and affidavits, are considered." Id. "[T]he trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case," and "no presumptive truthfulness attaches to plaintiff's allegations." Lawrence, 919 F.2d at 1529 (internal quotation marks omitted).

### B.   Analysis of Defendant's Motion

In an ADA Title III case, an injury in fact "occurs when [the plaintiff] encounters architectural barriers that discriminate against him on the basis of his disability." Houston, 733 F.3d at 1332 (citation omitted). Plaintiff therefore "only has standing . . . to challenge the alleged ADA violations he personally encountered." Moyer v. Walt Disney World Co., 146 F. Supp. 2d 1249, 1254 (M.D. Fla. 2000); see Norkunas v. Seahorse NB, LLC, 444 F. App'x 412, 416 (11th Cir. 2011) (per curiam) (holding that an

---

[3] Decisions of the former Fifth Circuit issued before October 1, 1981, are binding precedent in the Eleventh Circuit. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

4

ADA plaintiff's standing was limited to the claimed barriers he encountered); Campbell v. Moon Palace, Inc., 2011 WL 4389894, at *3 (S.D. Fla. Sept. 21, 2011) (similar), recons. granted on other grounds, 2011 WL 6951846 (S.D. Fla. Dec 15, 2011).  More, courts in this Circuit have rejected the proposition—urged by Plaintiff—that "if [an ADA] plaintiff establishes standing with respect to one barrier in a place of public accommodation, that plaintiff may bring ADA challenges with respect to all other barriers on the premises that affect the plaintiff's particular disability."  DE 17 at 9; see Norkunas, 444 F. App'x at 416 (rejecting plaintiff's argument that "the statutory language of the ADA allows for standing to bring an entire facility into compliance once one barrier is encountered"); Campbell, 2011 WL 4389894, at *4 ("Plaintiff appears to argue that he has standing to bring claims for any violations present in Defendant's restaurant that could affect mobility impaired people generally, but the standing doctrine requires that the plaintiff himself was in fact injured, or subject to discrimination, as a result of the alleged violations." (internal quotation marks omitted)); cf. Moyer, 146 F. Supp. 2d at 1254 (holding that plaintiff lacked standing to assert similar ADA claims for properties he never visited, because those claims "were purely conjectural at the commencement of this action").

  OWD argues that Plaintiff has not shown the past injury necessary for standing.  In this regard, OWD disputes Plaintiff's allegations that he visited the Property several times, entered the business as a patron, and encountered all the barriers to access detailed in the Complaint.  See DE 1 at 5, ¶ 12.  The affidavit of OWD's owners states that they have always been present at the Property when the business was open (they have no employees) and that, during the relevant time period, no wheelchair-bound person ever entered or tried to enter the Property.  See DE 14-1 at 1-2, ¶¶ 4-5.  Further,

the owners aver that the Property "houses a showroom only," that "a comparatively small and limited number of products are on display," and that "[a]ll items have to be ordered." Id. at 3, ¶ 11. The affidavit also suggests that the business is a modest one: between 2011 and 2013, the owners' combined adjusted gross income ranged from $9,833 to $18,297. See id. at 2, ¶ 10.

Plaintiff responds to OWD's Motion and affidavit by changing entirely the facts alleged in the Complaint about his earlier visits to the Property:

> *[T]he Plaintiff did in fact visit the facility but COULD NOT enter due to barriers that existed at the facility. There is a step up which makes it impossible for a person in a wheelchair to enter the facility.*
>
> ***
>
> *Plaintiff could not even enter the facility since he was unable to navigate the minefield of ADA violations—a massive step up to enter [the] facility.*

DE 17 at 4-5 (emphases in original). Too, Plaintiff's declaration generally supports this new version of events:

> 8. I could not enter the facility due to architectural barriers.
>
> 9. My ability to use the Defendant's services and the facility has been greatly impaired due to the architectural barriers I encountered; I was deterred from going back since the date in the Complaint due to all the barriers that bar my use of the facility, but intend to return.
>
> ***
>
> 16. I . . . experienc[ed] discrimination at the facility that was so severe I couldn't even approach for service as a patron.

DE 17-1 at 1-2.[4]

---

[4] Another paragraph of the declaration states, with no supporting explanation, that Plaintiff "ha[s] personally experienced **and/or am aware of** the architectural barriers listed in the Complaint." DE 17-1 at 2, ¶ 14 (emphasis added). But the Complaint makes clear that Plaintiff himself encountered all the alleged barriers; nowhere does it suggest that he became "aware of" the barriers through other means.

Plaintiff's Complaint—alleging that he entered the Property several times as a patron and observed many ADA violations inside and out—contrasts dramatically with his later Response and declaration—claiming that he visited the Property just once but could not approach it due to outside barriers, specifically, a "step up" at the entrance. This huge discrepancy, nowhere explained by Plaintiff, calls into serious question his credibility about any experiences he may have had with the Property. Cf. Fed. R. Civ. P. 11(b)(3) ("By presenting to the court a pleading," an attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."). Still, because Plaintiff's more recent version of events is arguably consistent with OWD's owners' affidavit, the Court will accept those facts solely for purposes of decision. The facts set forth in the Response and declaration show that Plaintiff never encountered any barriers inside the Property, and that he encountered certain barriers outside—primarily, the "massive step up to enter [the] facility." So Plaintiff would have standing to challenge the latter barriers only. See Moyer, 146 F. Supp. 2d at 1254.

Aside from any past injuries Plaintiff may have suffered, OWD contends that he has shown no "real and immediate threat of future injury." Houston, 733 F.3d at 1329. The Court agrees. In his declaration, Plaintiff states that he intends to return to the Property soon as a patron and as a tester of ADA compliance. See DE 17-1 at 2; Houston, 733 F.3d at 1334 (holding that an ADA plaintiff's "tester motive" to visit a property "does not foreclose standing for his claim"). Yet the declaration also reflects that Plaintiff visited the property just once before. See DE 17-1 at 1, ¶ 9. And the only

7

information Plaintiff offers about his proximity to the Property is that he resides in Broward County, the same county where the Property is located.  See id. at 1, ¶ 3; DE 1 at 3, ¶ 5.  Further, the Property is merely a showroom containing a small number of products that must be ordered, and the owners' incomes suggest that the business conducted there is limited.  Considering these facts, and taking into account Plaintiff's above-mentioned credibility problems, the Court finds that Plaintiff has not shown a real and immediate threat of future discrimination at the Property.  See Houston, 733 F.3d at 1337 n.6 ("District courts must consider the totality of all relevant facts to determine whether a plaintiff faces a real and immediate threat of future injury."); see also id. at 1340 (emphasizing that every ADA Title III plaintiff "must establish standing on the facts of the case," and that this principle is "equally as true about a regular customer of a public accommodation as it is for a tester").  Plaintiff therefore lacks standing to assert his claims, and the Court will grant OWD's Motion.

### C. Plaintiff's Request to Amend Complaint

Plaintiff requests that, if OWD's Motion is granted, the Court allow him to amend his Complaint.  Absent another drastic change in Plaintiff's factual claims, however, any such amended pleading would track the basic allegations in Plaintiff's declaration.  As already explained, those alleged facts establish only a limited past injury for standing purposes, and they fail to show the necessary threat of a future injury.  Thus, Plaintiff's proposed amendments would be futile, see Foman v. Davis, 371 U.S. 178, 182 (1962), and his request for leave to amend is denied.

### III. Conclusion

For the reasons discussed, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. To the extent it contends that Plaintiff lacks standing, Defendant's Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction and for Failure to Join a Party [DE 14] is **GRANTED**;

2. Plaintiff's Motion for Summary Judgment [DE 19] is **DENIED AS MOOT**;

3. The above-styled action is **DISMISSED** for lack of subject-matter jurisdiction; and

4. The Clerk shall **CLOSE** this case and **DENY AS MOOT** all pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 17th day of June, 2015.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF